IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02562-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 0 7 2010

GREGORY C. LANGHAM
CLERK

ERIC MARSHALL,

Applicant,

v.

KEVIN MILYARD, Warden,

Respondent.

## ORDER OF DISMISSAL

Applicant Eric Marshall is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, Correctional Facility.  Mr. Marshall has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on November 3, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses. On November 20, 2009, Respondent filed a Preliminary Response arguing that Mr. Marshall has not exhausted state court remedies.  Mr. Marshall filed a Reply to the Preliminary Response on December 4, 2009.

The Court must construe liberally the Application and Reply filed by Mr. Marshall because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

In the Application, Mr. Marshall claims that he has been placed in administrative segregation in retaliation for filing Case No. 08-cv-00299-PAB-BNB, and as a result he has lost the ability to acquire ten days of earned-time credit each month. As relief, Mr. Marshall asks that he be given seventy days of earned-time credit to be applied against his mandatory release date.

Respondent does not raise the affirmative defense of timeliness. Respondent, however, does assert that Mr. Marshall has failed to exhaust his state court remedies because he has a Colo. R. Civ. P. 106 petition pending in state court, in which he challenges his placement in administrative segregation and his inability to acquire earned-time credits. The Rule 106 petition, however, has been stayed in state court because Mr. Marshal filed a motion for a preliminary injunction in Case No. 08-cv-00299-PAB-BNB raising the same issues that he asserted in the Rule 106 petition. The state court stayed the Rule 106 petition until a decision was entered regarding the motion for injunction relief in Case No 08-cv-00299. I denied the motion in Case No. 08-cv-00299 on December 4, 2009. Accordingly, the Rule 106 petition will now proceed in state court.

Mr. Marshall must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Marshall does not deny that he has a Rule 106 petition pending in the Logan County District Court addressing the issues he sets forth in this action. Therefore, the Court will refrain from addressing the merits of the Application and will dismiss the instant action without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Marshall has not made a substantial showing that jurists of reason would find it

debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 6th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02562-BNB

Eric Marshall
Prisoner No. 83492
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Nicole Gellar
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** the above-named individuals on 1/7/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk